# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0151V

|  |  |
|---|---|
| N.B.,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 22, 2022<br><br>Order; Motion for Redaction; Special<br>Processing Unit (SPU); Tetanus,<br>Diphtheria, acellular Pertussis (Tdap)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## ORDER GRANTING MOTION TO REDACT[1]

On February 13, 2020, N.B. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration, a defined Table Injury, after receiving a tetanus-diphtheria- acellular pertussis vaccine on August 9, 2018. Petition at ¶¶ 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 19, 2022, I rendered findings of fact, determining that the onset of Petitioner's left shoulder pain occurred *later* than 48 hours post-vaccination – meaning

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of my conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

she cannot establish the onset required for her Table SIRVA claim. Findings of Fact ("Fact Ruling") at 2, 13, ECF No. 37. On July 28, 2022, Petitioner filed a timely motion to redact information in the Fact Ruling. ECF No. 38.

For the reasons stated below, I hereby grant Petitioner's motion in part. I order that her name be redacted to initials, and that some additional information – specifically her son's name and details regarding her legal practice – also be redacted in the Fact Ruling issued on July 19, 2022.

## I.    Petitioner's Motion for Redaction

Petitioner requests that I redact information contained in the Fact Ruling which she argues "would have unwarranted invasions on her privacy that are unnecessary to effectuate the purpose of the Vaccine Act." Petitioner's Motion for Redaction ("Motion") at 3. Specifically, Petitioner requests the redaction of her name to initials and the redaction of information indicating her specific occupation, providing the first name of her adult son, and describing symptoms of medical conditions unrelated to the shoulder injury she alleges to be vaccine caused. *Id.*

Regarding her name and area of legal practice, Petitioner maintains the disclosure is unnecessary and will negatively affect her work. Motion at 3-4. She further asserts there is no public purpose in disclosing her son's name. *Id.* at 4. Disclosure of such information would "constitute an unwarranted invasion of her privacy." *Id.* Stressing the unrelated nature of these conditions and symptoms, Petitioner insists that "these references provide further unnecessary identifying information, . . . overall reflect poorly on Petitioner, and could adversely affect her livelihood." *Id.*

On August 10, 2022, Respondent indicated by email correspondence that he had no objection to Petitioner's redaction request. *See* Informal Remark, dated Aug. 12, 2022.[3] The matter is now ripe for resolution.

## II.    Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine

---

[3] As noted in the informal remark, Petitioner's counsel was copied on all email correspondence.

proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g., K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

### III.    Analysis

I have previously discussed in other orders the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a "**clearly unwarranted** invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

Under the correct standard, a petitioner's general concern for privacy, shared by many vaccine case petitioners, is not sufficient to warrant redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461. In this case, Petitioner has presented a credible argument establishing that the ability to easily link her to the issued Fact Ruling may adversely affect her work as an attorney. And identifying information such as Petitioner's full name, exact area of practice, and adult son's first name serves no public disclosure interest.

In contrast, there is a strong public interest in the disclosure of the medical information Petitioner seeks to redact. This information is necessary to inform the public of the factors to be considered when determining issues such as onset. In this case, the mentioned symptoms reflect the milder nature of complaints Petitioner made at visits when she failed to report her left shoulder pain. Thus, these details are needed to counter Petitioner's assertion that the lack of earlier left shoulder complaints was due to the more pressing need presented by these unrelated conditions. Because of the public interest in disclosure, such information would not be appropriate for redaction under the Vaccine Act unless Petitioner can satisfy the standard for redaction as articulated in Section 12(d)(4)(B) and subsequent caselaw. Petitioner has not provided a sufficient rationale as to why disclosure of the discussed medical information, especially considering the steps I am taking to otherwise protect her identity, would constitute an unwarranted invasion of privacy.

In particular, there is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury, but no public interest in disclosure of a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013). The Vaccine Rules allows the initials

of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs*., No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

Here, I find that it is appropriate to grant Petitioner's request to redact her name to reflect her initials only, and to redact the information identifying her specific area of practice and adult son's first name. I will, however, permit no further redaction of the Fact Ruling. The disclosure of the additional information contained in the Fact Ruling is necessary to inform the public of the type of injuries related to the vaccination Petitioner received, and is therefore relevant to factors to be considered in other cases when determining onset. Such information would not be appropriate for redaction under the Vaccine Act's policy concerns impacting disclosure of Program decisions. *See W.C.*, 100 Fed. Cl. at 461. I also find that none of this information, either singularly or in the aggregate, is sufficient to identify the Petitioner in this case, and Petitioner has not otherwise shown why a more extensive redaction (which would effectively render the Fact Ruling less helpful to the public and future petitioners) is justified. The more limited redaction is sufficient to protect Petitioner's legitimate concerns.

## IV.    Conclusion

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name, her specific area of legal practice, and her son's first name in the Fact Ruling issued on July 19, 2022, and I therefore **GRANT IN PART the motion filed by Petitioner on July 28, 2022, at ECF No. 38.**

**The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master