# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-0151V

| | |
|---|---|
| N.B.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 17, 2023 |

*Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 13, 2020, N.B. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on August 9, 2018. Petition at ¶¶ 1-3.

On June 13, 2023, I dismissed Petitioner's claim. ECF No. 44. Specifically, I determined there was not only insufficient proof of a timely onset of Petitioner's pain to establish a Table SIRVA (as I had previously ruled in the matter), but also to support a causation-in-fact claim. *Id.* at 1-2, 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On June 26, 2023, Petitioner filed a request for an attorney's fees award of $45,909.39 ($42,514.00 in fees and $3,395.39 in costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") at 1, ECF No. 45. Petitioner maintains "[t]here is no dispute that this case was brought upon a reasonable basis." *Id.* at 2; *see* Section 15(e)(1). In accordance with General Order No. 9, Petitioner represents that she has incurred no out-of-pocket expenses. *Id.* at 42.

On July 10, 2023, Respondent filed a response, stating he "defers to [me] to determine whether or not [P]etitioner has met the legal standard for an award of fees and costs." Respondent's Response to Petitioner's Motion for Fees and Costs at 2, ECF No. 46. Petitioner did not file a reply.

For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and she is otherwise entitled to a fees award despite the dismissal of her claim. However, after reviewing of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## I. Reasonable Basis

### A. Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984

F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"*). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion,

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

3

which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B. Existence of Reasonable Basis

I previously determined that Petitioner failed to provide preponderant evidence to support her allegation of a left shoulder injury caused by the Tdap vaccine she received on August 9, 2018. *N.B. v. Sec'y of Health & Hum. Servs.,* No. 20-0151V, 2023 WL 4573213 (Fed. Cl. Spec. Mstr. June 13, 2023) (also found at ECF No. 44). My prior fact determination that onset occurred two months post-vaccination (which was fatal to Petitioner's Table claim)[4] also prevented her from prevailing on a causation-in-fact claim. *N.B.,* 2023 WL 4573213, at *4.

However, Petitioner provided *some* evidence of a credible explanation for the lack of closer-in-time treatment, and that arguably justified her failure to mention her left shoulder pain at earlier medical appointments (even though I did not deem the matter preponderantly demonstrated). *N.B.*, 2023 WL 183458, at *5-6 (prior ruling first cited in note 4). Furthermore, a two-month delay is not so glaringly long that it facially calls a claim into question. Although clearly not sufficient for entitlement, the delayed pain onset does not prevent Petitioner from establishing reasonable basis – a standard far lower than the preponderance of evidence standard needed to meet the Vaccine Act's requirements for compensation.

I thus find that Petitioner had a reasonable basis to file her petition in this case, which continued until I dismissed her claim. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II.   Appropriate Amount to be Awarded

### A.   Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to

---

[4] This factual ruling, dismissing Petitioner's Table SIRVA claim, can be found at ECF No. 37, and *N.B. v. Sec'y of Health & Hum. Servs.,* No. 20-0151V, 2023 WL 183458 (Fed. Cl. Spec. Mstr. Jan. 13, 2023).

reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.   Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate. Petitioner requests compensation for attorney Kathleen M. Loucks and associate Michelle K. Kuhl and paralegals at the following rates:

|  | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| Kathleen Loucks | $360 | $362 | $365 | $427 | $450 |
| Michelle Kuhl | X | X | X | $350 | X |
| Esther Novak | $135 | $137 | $139 | X | X |
| Danielle Dehnke | X | X | X | $153 | X |
| Katie Grenell | X | X | X | $153 | X |

I accept the proposed hourly rates for Ms. Loucks and the paralegals who performed work on this case, but I find a reduction in the hourly rate proposed for attorney Ms. Kuhl to be appropriate.

Ms. Loucks has previously been awarded fees based upon lesser rates of $370 per hour for time billed in 2022, and $375 per hour for time billed in 2023. *See L.D. v. Sec'y of Health & Hum. Servs.*, No. 22-0495V, 2023 WL 2776881 (Fed. Cl. Spec. Mstr. Apr. 4, 2023). However, she correctly states that these rates are *below* the applicable range for her level of experience.[5] Thus, I will allow the requested increase in 2022 and 2023 hourly rates, which results in 2022 and 2023 hourly rates consistent with her level of experience. Additionally, I shall apply similar reasoning when assessing any *future*

---

[5] *See* Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules for years 2022 and 2023 which can be found on the Court's website, www.uscfc.uscourts.gov.

motions for attorney's fees and costs in SPU cases in which Ms. Loucks performed work in the 2022 and 2023 calendar years. As usual, the parties may present any additional evidence relevant to this rate calculation in those other cases, if desired – although counsel may not undo a prior, lower fees determination from an already-issued decision.

Although the hourly rate requested for work performed by Ms. Kuhl in the 2022 calendar year falls within the appropriate range for her level of experience, it is closer to the higher end of the range.[6] Given that Ms. Kuhl had been practicing law for five years and was admitted to practice before the United States Court of Federal Claims in late 2022, I will awarded attorney's fees for her 2022 work closer to the lower end of the range, $300 per hour. This results in a reduction of attorney's fees to be awarded of **$135.00**.[7]

In terms of work performed on the matter, I find the hours incurred to have been reasonably incurred. Petitioner's counsel spent some time researching specific aspects of a SIRVA claim and drafting motions for a ruling on the record and for redaction. However, these efforts were reasonable and conducted in an efficient manner. Thus, I will reimburse all billed time.

### C.    Attorney Costs

Petitioner requests $3,395.39 in overall costs. ECF No. 28 at 13. Although more than half of these costs were for Westlaw charges ($1,990.20 which includes the firm's 40% discount from Westlaw), I will allow them. However, in future cases counsel should be prepared to better document these costs. Additionally, she should make every effort to utilize the publicly available orders, rulings, and decisions found on the Court's website and Government Printing Office site for documents issued on January 1, 2014, and later.

I have reviewed the requested costs and find them to be reasonable. I shall award all costs in full.

### Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$45,774.39** (representing $42,379.00 in fees and $3,395.39 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

---

[6] *See* the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2022 which can be found on the Court's website, www.uscfc.uscourts.gov.

[7] This amount consists of ($350 - $300 = $50) x 2.70 hours = $135.00.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.